# DeOrchis & Partners, LLP

*Florida Office:*
8751 W. Broward Blvd., Ste. 203
Ft. Lauderdale, FL 33324
(954) 652-0100

*Attorneys and Proctors in Admiralty*

**61 Broadway, 26th Floor**
**New York, New York 10006-2802**

*New Jersey Office:*
1495 Morris Avenue
Union, NJ 07083
(973) 467-4740

*Connecticut Office:*
24 Hoyt Street
Stamford, CT 06905
(203) 323-9120

**Telephone:** (212) 344-4700
**Telefax:** (212) 422-5299
www.marinelex.com

*Massachusetts Office:*
1555 Main Street, P.O. 186
S. Chatham, MA 02659
(508) 432-2121

August 29, 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/5/08

Total pages: 3

VIA FACSIMILE (212-805-4268)

The Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

MEMORANDUM ENDORSED

Re: Zim v. Belco et al. (07 Civ 5861),
Zim et al. v. Produita Importadora et al. (07 Civ 6500),
Carribean Retail Ventures v. Zim et al. (07 Civ. 6873), and
<u>Midland Resources et al. V. Belco Resources et al., (08-Civ.-6428</u>
Our file no.: 1236-689

Dear Magistrate Judge:

We represent plaintiffs Zim Integrated Shipping Services, Ltd., Koron Maritime, Inc., Seth Shipping, Ltd. and the m/v Zim Haifa and its engines ("Zim") in the above consolidated matters. We write to respond to your Honor's request made at the court conference of August 27, 2008, about (1) the cost of storage of the container in Panama, (2) the position of plaintiffs in the new consolidated action 08-cv-6428 regarding the inspection of the container, and (3) whether Zim is aware of any other cargo claims or cargo interests made against Zim, as follows:

1. <u>Cost of storage of container ZIMU1037636 in Panama</u>: we attach a letter from Zim's Vice-President of Claims and Insurance, Mr. Brian Jones, stating that the cost for storage and security of the subject container represents $171.00 per day (or $5,130.00 per month approximately). As of today, Zim has incurred a total of $ 75,651.00 in charges for the storage of the subject container.

2. <u>Midland Resources Holding et al.'s position</u>: we are in receipt today of a correspondence from counsel for plaintiffs Midland Resources Holding Ltd. and Breffka and Hehnke to your Honor stating that his clients have no intentions to inspect the container in Panama.

3. <u>Existence of other cargo claims</u>: Zim is not aware of any other claims or proceedings made against Zim in relation to the fire aboard the m/v Zim Haifa on June 3, 2007, other than those

The Honorable Gabriel W. Gorenstein
August 29, 2008
Page 2 of 2

brought by the parties in the actions docketed 07-Civ.-6873 and 07-Civ.-6428. Zim has received affidavits from most other potential claimants stating they had suffered no damages.

In light of the high cost for storage of the subject container, the inaction or unwillingness of the parties to inspect said container, the various notices inviting the parties to inspect the container sent by Zim since June 2007, it is respectfully requested a protective order:

(i) precluding all parties from inspecting container ZIMU1037636 after September 18, 2008, or from making a claim of spoliation of evidence against Zim, if the defendants have not arranged with Zim for a joint inspection of the subject container to take place on or before September 18, 2008, at the Port of Balboa, Pier 6A, Yard 23, Avenida Arnulfo Arias Madrid, Balboa, Republic of Panama *(except as provided in "(iv)" below)*;

(ii) allowing Zim to dispose of the container ZIMU1037636 after September 18, 2008;

(iii) precluding any party from inspecting container ZIMU1037636, or from making any claim of spoliation of evidence against Zim, if, at any time, the Balboa port authorities direct Zim to dispose of said container;

(iv) directing any party seeking to inspect container ZIMU1037636 after September 18, 2008, to indemnify Zim, prior to such inspection, of all storage charges and all other related expenses incurred in relation to the preservation of container ZIMU1037636 from September 18, 2008, until the date of the joint inspection.

In respect to Sinochem Jiangsu Corporation's proposal of videoconferencing its witnesses located in China, Zim opposes it because (1) it is impractical due to the 12 hour time difference between China and the United States (a deposition starting at 8 a.m. in China would start at 8 p.m. for counsels in New York; any issue raised before a Judge concerning the deposition would be raised one day later), (2) it is inadequate for questioning a witness about documents, (3) it is questionable for the assessment of the demeanor or conduct of a witness (particularly in case of fraud and negligent misrepresentation), and (4) Sinochem Jiangsu Corporation fails to set forth any persuasive advantage of videoconferencing over a live testimony.

We thank your Honor for his attention in this matter.

Respectfully Submitted,

Olivier D. L. DuPont

cc: *(Via e-mail)*
Thomas L. Tisdale, Esq., counsel for Nanjing Huabin
Edward Schorr, Esq., Hillel Parness, Esq., counsels for Sinochem
William R. Bennett, III, Esq., counsel for Belco
Thomas E. Willoughby, Esq., counsel for the Cargo Interests
Arthur Zapolski, Esq., counsel for Cargo Interests

*Granted without opposition. (Request "(iii)" is speculative.)*

SO ORDERED:  DATE: 9/5/2008
GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE



## ZIM AMERICAN INTEGRATED SHIPPING SERVICES COMPANY, INC.
### Claims and Insurance Department
5801 Lake Wright Drive, Norfolk, VA 23502
Phone: 757-228-1340/Fax: 757-228-1323

28 August 2008

Mr. Vincent DeOrchis
61 Broadway, 26th Floor
New York, New York 10006-2802

RE:   ZIM HAIFA 11/E – Fire in No. 5 Hold
       B/L ZIMUNGB670904
       Container ZIMU1037636

Dear Mr. DeOrchis:

Further to our recent discussions, please note that we confirm container ZIMU1037636 remains in secure storage at the Port of Balboa awaiting inspection by all interested parties.

To date, ZIM has incurred expenses of $70,369 related to the storage and security of this container. ZIM paid $5,282 in order to erect a secure cage around the container at the storage yard in an effort to prevent any tampering with the container and/or contents.

Furthermore, as of this date, storage charges have accrued to $25,200 and security charges have accrued to $40,087. Storage charges accrue at $60 per day and it should be noted that the container remains mounted to a chassis as it is not in suitable condition for repeated handlings. Security charges accrue at $111 per day as required by Balboa port authorities.

Should you have further questions, please contact the undersigned.

Regards,

Brian S. Jones
Vice President - Claims and Insurance